# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1035

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jorge Armando Gonzalez

*Defendant - Appellant*

———————

Appeal from United States District Court
for the District of Minnesota

———————

Submitted: November 11, 2019
Filed: February 28, 2020
[Unpublished]

———————

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Jorge Armando Gonzalez pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At

sentencing, the district court[1] determined that Gonzalez's total offense level was 33, that his criminal history category was IV, and that his sentencing range under the U.S. Sentencing Guidelines was 188 to 235 months' imprisonment. The district court varied downward and sentenced Gonzalez to 168 months' imprisonment. Gonzalez appeals, arguing that his sentence is substantively unreasonable.

Gonzalez contends that the district court gave insufficient weight to the nature and circumstances of the offense. According to Gonzalez, a friend had given him money for living expenses after the tragic death of Gonzalez's two-year-old daughter in 2014 and later called on Gonzalez to repay the debt by transporting 4.1 kilograms of methamphetamine into Minnesota in 2017. The district court adopted the government's view of the case, however, and found that Gonzalez was a sophisticated and experienced drug trafficker, "no matter how much [he] minimize[d]" his conduct. The record supports the district court's finding. Gonzalez had been convicted of methamphetamine distribution in 2006 and investigated for further distribution in 2009 and 2010. Gonzalez's cell phone contained photos of firearms and vacuum-wrapped bricks of unknown substances, as well as text messages directing an unknown individual to deposit $81,000 into certain bank accounts. We conclude that the district court thus did not commit a clear error in judgment in deciding to accord little or no weight to Gonzalez's explanation for his conduct. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining that a district court abuses its discretion when it considers only appropriate factors but commits a clear error of judgment in weighing those factors). The sentence is not substantively unreasonable.

The judgment is affirmed.

_____

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.